UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTHONY O. LONGSTREET, SR., | Case No. 3:22-cv-00065-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| DAVID P. WELLS, *et al*., | |
| Defendants. | |

I.      **SUMMARY**

*Pro se* Plaintiff Anthony O. Longstreet, Sr., who was incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), brings this action against Defendants David P. Wells, Hayden Solis, P. Salinas, P. Aguilar, and Detective Knickerbocker under 42 U.S.C. § 1983. Before the Court is United States Magistrate Judge Carla L. Baldwin's Report and Recommendation (ECF No. 2 ("R&R")), recommending that the Court grant Longstreet's application to proceed *in forma pauperis* (ECF No. 1 ("IFP Application")), and dismiss the case without prejudice and without leave to amend. Longstreet timely filed an objection (ECF No. 3 ("Objection")) and a motion for leave to amend (ECF No. 4 ("Motion")) with an attached first amended complaint (ECF No. 4-1 ("Proposed FAC")). As further explained below, the Court overrules Longstreet's Objection, adopts the R&R except for the recommendation to not permit amendment, and denies the Motion, but will grant Longstreet leave to cure the deficiencies in the Proposed FAC.

///

///

///

1    **II.    BACKGROUND[1]**

2          On August 7, 2019, Longstreet pled no contest to a domestic violence charge and

3    was ordered to pay over $1000 in fines and fees as part of his sentencing. (ECF No. 3 at

4    1.) Longstreet allegedly failed to pay the fines and was arrested on March 1, 2020. (ECF

5    Nos. 1-1 at 2, 3 at 2-3, 4-1 at 3.) At the time of the arrest, Longstreet was also being

6    investigated by Wells for a different, unrelated battery that he committed at a Dotty's

7    restaurant on December 6, 2019 ("Dotty's Incident"). (ECF No. 3 at 2.) Longstreet alleges

8    that officers Aguilar, Salinas, and Solis, used the arrest to confiscate Longstreet's

9    cellphone, with the purpose of collecting evidence against him for the Dotty's Incident.

10   (ECF Nos. 1-1 at 2-3, 3 at 2-3, 7-8.) Wells then allegedly performed an unlawful,

11   warrantless search of Longstreet's cellphone, in violation of the Fourth Amendment. (ECF

12   Nos. 1-1 at 2, 3 at 3.)

13         After he was arrested and in city jail for the unpaid fines, Longstreet claims that

14   Wells and Knickerbocker visited his cell. (ECF Nos. 1-1 at 4, 3 at 3.) As part of their

15   ongoing investigation for the Dotty's Incident, they allegedly made an unauthorized

16   recording of their conversation, in violation of Longstreet's constitutional rights. (*Id*.) Wells

17   intended to use the recorded interview to "support probable cause to charge [Longstreet]

18   for the battery" at Dotty's. (ECF No. 3 at 6.) Longstreet eventually pled guilty to the Dotty's

19   Incident, was sentenced, and has recently been released.[2] (*Id*. at 3.)

20         Longstreet filed this 42 U.S.C. § 1983 suit against Defendants for the illegal search

21   and seizure of his cellphone and the unauthorized jail cell recording. (ECF No. 1-1.) In his

22   Complaint, he asserts a Fourth Amendment claim for the illegal search and seizure of his

23   cellphone, a Fourth Amendment claim for invasion of privacy, and a Sixth Amendment

24

25         [1]The facts in this section are adapted from Longstreet's Complaint and Objection. (ECF Nos. 1-1, 3.) Longstreet's Objection offers several clarifying details that were missing from the Complaint. For the purposes of screening, the Court only takes the facts

26   in the Complaint as true, but also considers Longstreet's arguments in the Objection when deciding whether leave to amend should be granted.

27

28         [2]It appears from Longstreet's allegations that when the Complaint was filed and the R&R was issued, Longstreet was still serving his sentence for the Dotty's Incident. (ECF No. 3 at 3.) However, Longstreet has since finished his sentence and was released in May 2022. (ECF Nos. 5, 6.)

1    claim for denial of fair judicial process. (*Id.* at 3-5.) Following the issuance of Judge

2    Baldwin's R&R, Longstreet filed a motion for leave to amend with an attached Proposed

3    FAC, wherein he asserts additional claims, including Fourteenth Amendment Due

4    Process, Fourteenth Amendment Equal Protection, and 42 U.S.C. § 1985 conspiracy

5    claims. (ECF Nos. 4, 4-1.)

6    **III.   LEGAL STANDARD**

7         This Court "may accept, reject, or modify, in whole or in part, the findings or

8    recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

9    timely objects to a magistrate judge's report and recommendation, the Court is required

10   to "make a de novo determination of those portions of the [report and recommendation]

11   to which objection is made." *Id.* The Court's review is thus de novo because Longstreet

12   filed his Objection. (ECF No. 3.)

13   **IV.   DISCUSSION**

14        The Court first addresses the Fourth Amendment claim for illegal search and

15   seizure and the Sixth Amendment claim in Longstreet's Complaint, which it finds are

16   barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court next considers Longstreet's

17   Fourth Amendment claim for invasion of privacy, which must be dismissed because he

18   does not have a reasonable expectation of privacy in his jail cell. Finally, the Court

19   examines Longstreet's new claims in the Proposed FAC, which include his conspiracy to

20   interfere with civil rights and Fourteenth Amendment claims. Because Longstreet failed

21   to state colorable Fourteenth Amendment and conspiracy claims, the Court dismisses the

22   claims without prejudice but will grant Longstreet leave to cure the deficiencies.

23        **A.    *Heck*-Barred Claims**

24        To start, Longstreet specifically objects[3] to Judge Baldwin's recommendation that

25   his case should be dismissed because he is challenging his state court criminal

26   conviction. (ECF No. 3 at 3-5.) Longstreet contends that he is not using § 1983 to

27   challenge his conviction because he has already pled guilty and served his sentence. (*Id.*)

28

---

[3]As to the remaining portions of the R&R that Longstreet did not object to, the Court finds that Judge Baldwin did not clearly err. (ECF Nos. 2, 3.)

1    Instead, he is separately suing Defendants for monetary damages for the unreasonable

2    search and seizure of his cellphone under the Fourth and Sixth Amendments. (*Id*. at 3,

3    6.) The Court agrees with Judge Baldwin that these constitutional claims are *Heck*-barred.

4          The U.S. Supreme Court held that in a § 1983 lawsuit for damages,[4] "the district

5    court must consider whether a judgment in favor of the plaintiff would necessarily imply

6    the invalidity of his conviction or sentence; if it would, the complaint must be dismissed

7    unless the plaintiff can demonstrate that the conviction or sentence has already been

8    invalidated." *Heck*, 512 U.S. at 487. If the court finds that "the plaintiff's action, even if

9    successful, will *not* demonstrate the invalidity of any outstanding criminal judgment

10   against the plaintiff, the action should be allowed to proceed, in the absence of some

11   other bar to the suit." *Id*. However, the Supreme Court in *Heck* left open whether this rule

12   applied to a Fourth Amendment unreasonable search claim. *See Whitaker v. Garcetti*,

13   486 F.3d 572, 583 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 487 n.7).

14         Longstreet maintains that his Fourth Amendment claim is not barred because he

15   already pled guilty to the Dotty's Incident and his sentence expired in May 2022.[5] (ECF

16   No. 3 at 3.) In *Byrd v. Phx. Police Dep't*, where Byrd pled guilty to conspiracy to commit

17   possession, the Ninth Circuit held that Byrd's illegal search claim was not *Heck*-barred

18   because the claim "ha[d] nothing to do with the evidentiary basis for his conspiracy

19   conviction." 885 F.3d 639, 641, 645 (9th Cir. 2018) (citations omitted). The police illegally

20   searched Byrd *after* they found the drugs upon which his conspiracy charge was based.

21   *See id*. at 645. Therefore, the illegal search was distinct temporally or spatially from the

22   factual basis for Byrd's conspiracy conviction. *See id*. (citations omitted). Hence, success

23

24         [4]The Supreme Court has since specified that *Heck* applies "regardless of the form
of remedy sought," including to claims for monetary damages and declaratory judgment,
25   which Longstreet seeks in his Complaint. (ECF No. 1-1 at 6.) *See Whitaker v. Garcetti*,
486 F.3d 572, 583 (9th Cir. 2007) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)).

26
         [5]Because Longstreet has been released and is not in custody, he may no longer
27   file a habeas corpus petition and his only remedy is under § 1983. (ECF Nos. 5, 6.) *See*
28 U.S.C.A. § 2254 (stating that "[t]he Supreme Court, a Justice thereof, a circuit judge,
28   or a district court shall entertain an application for a writ of habeas corpus in behalf of a
person *in custody* pursuant to the judgment of a State court only on the ground that he is
*in custody* in violation of the Constitution or laws or treaties of the United States.").

1 │ of Byrd's "§ 1983 action would not necessarily demonstrate the invalidity of his

2 │ conviction." *Id*. at 644.

3 │       Longstreet's case is different from *Byrd* in several important ways. Although

4 │ Longstreet briefly mentions that the evidence from his cellphone was not used in criminal

5 │ proceedings, he repeatedly emphasized that Defendants seized and searched his phone

6 │ to gather evidence and build probable cause to charge him for the Dotty's Incident. (ECF

7 │ Nos. 1-1 at 2-3, 3 at 2-3, 6.) In fact, Longstreet specifically accuses Wells of using his

8 │ cellphone to access his social media account to look for a photo of a Mayweather t-shirt

9 │ that Longstreet wore during the Dotty's Incident. (ECF No. 3 at 3.) Wells allegedly

10 │ admitted to accessing Longstreet's Facebook page to look for this evidence in the police

11 │ report. (*Id*.) Longstreet also alleges that his cellphone had "material witness names" for

12 │ the Dotty's Incident. (ECF No. 1-1 at 2.)

13 │       Unlike in *Byrd*, where the evidentiary basis for the plaintiff's conspiracy conviction

14 │ was not derived from the illegal search of his person, it appears that police here were

15 │ using evidence from Longstreet's cellphone to identify and charge him for the Dotty's

16 │ Incident. (ECF Nos. 1-1 at 2-3, 3 at 2-7.) *See* 885 F.3d at 645. In other words, the validity

17 │ of Longstreet's battery conviction appears to depend, in part, on the legality of the search

18 │ of his cellphone, used by detectives to connect Longstreet to the crime. (*Id*.) *See id*. at

19 │ 644 (citing *Lockett v. Ericson*, 656 F.3d 892, 896-97 (9th Cir. 2011)). The present case is

20 │ more analogous to *Whitaker* and *Szajer v. City of Los Angeles*, prior Ninth Circuit cases

21 │ where the plaintiffs also pled guilty or nolo contendere to their charges. *See Whitaker*,

22 │ 486 F.3d at 584; *Szajer v. City of L.A.*, 632 F.3d 607, 612 (9th Cir. 2011). In those cases,

23 │ the Ninth Circuit held that the plaintiffs' Fourth Amendment claims were *Heck*-barred

24 │ because they "challenge[d] the search and seizure of the evidence upon which their

25 │ criminal charges and convictions were based." *See Byrd*, 885 F.3d at 645 (citing

26 │ *Whitaker*, 486 F.3d at 584; *Szajer*, 632 F.3d at 612).

27 │       Because it appears that evidence from the illegal search and seizure was used by

28 │ detectives to support Longstreet's battery charge, success on the claim "would

necessarily imply the invalidity" of his state-court conviction, and Longstreet has not demonstrated that his conviction or sentence has already been invalidated.[6] (ECF Nos. 1-1 at 14-15, 3 at 2-3, 6.) *See Heck*, 512 U.S. at 487. Longstreet's Fourth Amendment claim is therefore *Heck*-barred and may not proceed. Longstreet's Sixth Amendment claim is similarly *Heck*-barred because it is premised on the same illegal search and seizure of his cellphone.[7] (ECF No. 1-1 at 3, 5.) *See id*.

### B.   Fourth Amendment Invasion of Privacy Claim

Longstreet also alleges that after his arrest for the unpaid fines, Wells and Knickerbocker visited his jail cell and violated his Fourth Amendment rights by recording him without authorization to gather evidence for the Dotty's Incident. (ECF Nos. 1-1 at 4, 3 at 3, 6.) However, the Court finds that Longstreet fails to state a claim because "[t]he touchstone of [the] Fourth Amendment analysis is whether a person has a constitutionally protected reasonable expectation of privacy," and the Supreme Court has held that prisoners and detainees generally do not have a reasonable expectation of privacy in their jail cells. *See California v. Ciraolo*, 476 U.S. 207, 211 (1986) (internal quotations marks omitted); *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984); *Bell v. Wolfish*, 441 U.S. 520, 557 (1979); *see also Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996). The Court

[6]To the extent Longstreet is also attempting to assert state law claims for the search and seizure of his cellphone and the unauthorized recording, the Court declines to exercise supplemental jurisdiction over these claims since Longstreet's constitutional claims are dismissed. (ECF No. 1-1 at 3-4.) *See* 28 U.S. Code § 1367(c) (providing that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction").

[7]The Ninth Circuit has held that district courts may relax *Heck* requirements and allow former prisoners to bring § 1983 claims "despite the *Heck* bar because habeas relief was unavailable." *Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006) (citing *Nonnette v. Small*, 316 F.3d 872, 877 n.6 (9th Cir. 2002)). However, *Nonnette* relief "affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters," and Longstreet's claims do not fall under these categories. *Guerrero*, 442 F.3d at 705 (citation omitted). Moreover, this exception only extends to former prisoners who *timely* pursued habeas corpus relief during their incarceration but were subsequently released from custody. *See id*. (holding that "a § 1983 plaintiff's timely pursuit of available habeas relief is important"). Here, Longstreet failed to timely seek habeas corpus relief while he was incarcerated. The Court therefore declines to relax *Heck* requirements and grant Longstreet *Nonnette*-type relief.

1   therefore dismisses Longstreet's Fourth Amendment invasion of privacy claim with

2   prejudice and without leave to amend.[8]

3        Notably, Longstreet does not allege that his statements during the jail cell

4   conversation were involuntary or coerced—he only alleges that the *recording* by

5   Defendants was made without his consent. (ECF Nos. 1-1 at 4, 3 at 3.) However, to the

6   extent that Longstreet is actually trying to allege a *Miranda* violation for the jail cell

7   conversation, this claim is dismissed with prejudice as the Supreme Court recently held

8   that a plaintiff may not sue for damages under § 1983 for *Miranda* violations. *See Vega*

9   *v. Tekoh*, Case No. 21-499, 2022 WL 2251304, at \*10 (June 23, 2022).

10        **C.**    **Motion to Amend and Proposed FAC**

11        Longstreet filed a motion for leave to amend with an attached Proposed FAC,

12   where he reasserts his Fourth Amendment invasion of privacy and search and seizure

13   claims. (ECF Nos. 4, 4-1.) Longstreet also includes new claims for conspiracy to interfere

14   with civil rights, violation of the Fourteenth Amendment Due Process Clause, and violation

15   of the Fourteenth Amendment Equal Protection Clause. (ECF No. 4-1.) Because the

16   Court found that Longstreet's Fourth Amendment claims are barred, it will only review his

17

18

19

20        [8]To the extent Longstreet is trying to assert an invasion of privacy claim under
Nevada common law, the Court declines to exercise supplemental jurisdiction and

21   dismisses the claim without prejudice. *See* 28 U.S.C. § 1367(c)(3). However, should
Longstreet decide to reassert this claim in his second amended complaint, he likely does

22   not have a cognizable cause of action. The purpose of Nevada's invasion of privacy tort
"is to provide redress for intrusion into a person's reasonable expectation of privacy."

23   *Clark Cnty. Office of Coroner/Med. Exam'r v. Las Vegas Review-Journal*, 458 P.3d 1048,
1061 (Nev. 2020) (citations omitted). The Nevada Court of Appeals previously affirmed a

24   lower court's finding that a prisoner did not have a reasonable expectation of privacy in
his jail cell. *See Cassady v. Morano*, Case No. 71066, 2017 WL 519557, at \*1-\*2 (Nev.

25   Ct. App. Jan. 30, 2017). The Nevada Supreme Court has also acknowledged that "a
convicted person has a diminished expectation of privacy in the penal context." *Gaines v.*

26   *State*, 998 P.2d 166, 172 (Nev. 2000). Thus, the Court predicts that the Nevada Supreme
Court would follow the appellate court and Longstreet likely does not have a cognizable

27   state tort claim because he did not have a reasonable expectation of privacy in his jail
cell. *See Mason & Dixon Intermodal, Inc. v. Lapmaster Intern. LLC*, 632 F.3d 1056, 1060

28   (9th Cir. 2011) (citations omitted); *Judd v. Weinstein*, 967 F.3d 952, 955-56 (9th Cir. 2020)
(citations omitted).

1   new claims.[9]

2        First, Longstreet broadly alleges that Wells, Solis, and Aguilar, while acting under

3   the color of state law, conspired to deprive him of his Fourth and Fourteenth Amendment

4   rights by illegally confiscating his cellphone because he was African American. (*Id*. at 5.)

5   To state a claim for conspiracy under 42 U.S.C. § 1985(3), the plaintiff must allege "(1)

6   [t]hat the purpose of the conspiracy was to deprive the plaintiff of equal protection, equal

7   privileges and immunities, or to obstruct the course of justice in the state; (2) that the

8   defendants intended to discriminate against the plaintiff; (3) that the defendants acted

9   under color of state law and authority; (4) that the acts done in furtherance of the

10  conspiracy resulted in an injury to the plaintiff's person or property or prevented him from

11  exercising a right or privilege of a United States citizen." *Sykes v. State of Cal*., 497 F.2d

12  197, 200 (9th Cir. 1974) (citations omitted).

13       Even liberally construed, Longstreet's conclusory allegations do not articulate how

14  Defendants intended to discriminate against him through the cellphone seizure—

15  particularly since he previously alleged that they only confiscated his phone to investigate

16  him for the Dotty's Incident. (ECF No. 4-1 at 3, 5-6.) *See id*. Longstreet also fails to provide

17  any details to support that there was a meeting of the minds or agreement between

18  Defendants to deprive him of his rights. (*Id*. at 5-6.) *See Sanchez v. City of Santa Ana*,

19  936 F.2d 1027, 1039 (9th Cir. 1990) ("A mere allegation of conspiracy without factual

20  specificity is insufficient to support a claim") (citation omitted). The claim is therefore

21  dismissed without prejudice but with leave to amend.

22       Second, Longstreet alleges that Wells, Solis, and Aguilar violated due process by

23  seizing his cellphone without a warrant, and that Wells and Knickerbocker violated due

24  process by recording their jail cell conversation without court authorization. (*Id*.) To state

25  a colorable Fourteenth Amendment procedural due process claim, the plaintiff must

26

27       [9]The Court notes that Longstreet's conspiracy and Fourteenth Amendment claims are difficult to follow. (ECF No. 4-1 at 5-6.) He appears to aggregate allegations for different constitutional claims together and interweave allegations for his prior Fourth

28  Amendment claim in his new claims. (*Id*.) If Longstreet chooses to file a second amended complaint, the Court cautions him to comply with the legal standards for each claim and only include relevant facts.

1    allege that (1) he possesses a protected liberty or property interest; (2) the government

2    deprived him of that interest; and (3) the government denied him adequate procedural

3    protections in the process of depriving him of his property. *See Foss v. Nat'l Marine*

4    *Fisheries Serv.*, 161 F.3d 584, 588 (9th Cir. 1998); *Brewster v. Bd. of Educ. of Lynwood*

5    *Unified Sch. Dist.*, 149 F.3d 971, 983 (9th Cir. 1998).

6            As to the confiscation of Longstreet's cellphone, the Court construes his

7    allegations as challenging two deprivations: (1) the initial seizure of his cellphone during

8    his arrest, and (2) the continual withholding of his cellphone afterwards. (ECF No. 4-1 at

9    5-6.) *See Keel v. City of L.A.*, Case No. 2:20-cv-02022-CBM-KES, 2020 WL 7231120, at

10   *4 (C.D. Cal. Sept. 8, 2020). As to the first deprivation, Longstreet fails to state a claim

11   because he does not allege that the officers lacked probable cause for the arrest and

12   subsequent seizure of his property. (ECF No. 4-1 at 5-6.) *See Sanders v. City of San*

13   *Diego*, 93 F.3d 1423, 1429 (9th Cir. 1996) (finding that an officer's "compliance with the

14   Fourth Amendment when seizing the property for investigatory purposes satisfied pre-

15   deprivation procedural due process as well").

16           As to the second deprivation, Longstreet does not articulate or include any facts

17   regarding the established state procedures that he is challenging when Defendants

18   refused to return his cellphone, or that Defendants failed to comply with these established

19   procedures/safeguards by keeping his phone. (*Id.*) *See Keel*, 2020 WL 7231129, at *4;

20   *Foss*, 161 F.3d at 588. As to his unauthorized recording claim, Longstreet fails to specify

21   the protected liberty interest that he was deprived of with the recording. (*Id.*) Other than

22   vaguely alleging that Defendants did not have "court authorization," Longstreet also fails

23   to articulate the particular procedural protections he was denied. (*Id.*) *See Foss*, 161 F.3d

24   at 588. The Court therefore dismisses Longstreet's due process claim without prejudice

25   but with leave to amend.

26           Third, Longstreet appears to sue Wells, Solis, Aguilar, Wells, and Knickerbocker

27   for violation of the Fourteenth Amendment Equal Protection Clause. (*Id.*) He specifically

28   alleges that Wells, Solis, and Aguilar unlawfully seized his cellphone because he was

1  African American and that they would have acted differently "had [he] been any other

2  race." (*Id*. at 5.) He then alleges that Wells and Knickerbocker unlawfully recorded him

3  because he was an African American man, who was "wanted for an offense committed

4  against a male Hispanic" and who "was being accused of committing a battery against a

5  female." (*Id*. at 6.) The Equal Protection Clause of the Fourteenth Amendment is

6  essentially a directive that all similarly situated persons must be treated equally under the

7  law. *See City of Cleburne, Tex. v. Cleburne Living Ctr*., 473 U.S. 432, 439 (1985). To

8  state an equal protection claim, a plaintiff must allege facts demonstrating that the

9  defendants acted with the intent and purpose to discriminate against him based upon

10  membership in a protected class, or that the defendants purposefully treated him

11  differently than similarly situated individuals without any rational basis for the disparate

12  treatment. *See Lee v. City of L.A*., 250 F.3d 668, 686 (9th Cir. 2001); *Vill. of Willowbrook*

13  *v. Olech*, 528 U.S. 562, 564 (2000). Conclusory allegations of discrimination are

14  insufficient. *See Jeffers v. Gomez*, 267 F.3d 895, 913-14 (9th Cir. 2001).

15      Here, Longstreet does not include any additional details, aside from the fact that

16  he was African American and the victim was Hispanic, to support his allegation that race

17  played a factor in Defendants' decision to seize his phone. (*Id*. at 5-6.) *See id*. He also

18  fails to include any additional facts, aside from the victim's race and his confinement for

19  a domestic violence incident, to support his allegation that Wells and Knickerbocker acted

20  with intent to discriminate when they recorded him. (*Id*. at 6.) *See Lee*, 250 F.3d at 686.

21  Moreover, Longstreet does not provide specific facts to support that individuals of different

22  races were treated differently in a similar situation. (*Id*. at 5-6.) *See id*. Hence, Longstreet's

23  conclusory and curt allegations fail to link his membership in a protected class to

24  Defendants' actions, and are insufficient to state a colorable claim. (*Id*.) *See Jeffers*, 267

25  F.3d at 913-14. The Court therefore dismisses Longstreet's equal protection claim without

26  prejudice but with leave to amend.

27      **D.      Leave to Amend**

28      Although the Court grants Longstreet leave to amend, it does not grant him leave

1    to amend in any way that he sees fit. Longstreet only has leave to amend his § 1985

2    conspiracy to interfere with civil rights, Fourteenth Amendment Due Process, and

3    Fourteenth Amendment Equal Protection claims. Longstreet may not try to reassert his

4    Fourth and Six Amendment claims in the second amended complaint ("SAC").

5           If Longstreet chooses to file a SAC, he is advised that the SAC supersedes

6    (replaces) the original Complaint and, thus, must be complete in itself. *See Hal Roach*

7    *Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989); *Lacey v.*

8    *Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012). Longstreet's SAC must contain all

9    claims, Defendants, and factual allegations that he wishes to pursue in this lawsuit.

10   Moreover, Longstreet should file his SAC on this Court's approved prisoner civil rights

11   form, and it must be titled "Second Amended Complaint."

12          The Court notes that, if Longstreet chooses to file a SAC, he must file the amended

13   complaint within 30 days from the date of entry of this order. If Longstreet chooses not to

14   file a SAC, this action will be dismissed in its entirety without prejudice.

15   **V.     CONCLUSION**

16          It is therefore ordered that Longstreet's objection (ECF No. 3) to the Report and

17   Recommendation of Judge Baldwin (ECF No. 2) is overruled.

18          It is further ordered that Judge Baldwin's Report and Recommendation (ECF No.

19   2) is adopted, but the Court grants leave to amend as discussed herein.

20          It is further ordered that Longstreet's motion to file an amended complaint (ECF

21   No. 4) is denied.

22          It is further ordered that Longstreet's application to proceed *in forma pauperis* (ECF

23   No. 1) is granted.

24          It is further ordered that Longstreet's Fourth Amendment claim for the search and

25   seizure of his cellphone is dismissed without prejudice and without leave to amend.

26          It is further ordered that Longstreet's Fourth Amendment claim for invasion of

27   privacy is dismissed with prejudice and without leave to amend.

28          It is further ordered that Longstreet's Sixth Amendment claim is dismissed without

1    prejudice and without leave to amend.

2          It is further ordered that Longstreet's § 1985 conspiracy to interfere with civil rights,

3    Fourteenth Amendment Due Process, and Fourteenth Amendment Equal Protection

4    claims are dismissed without prejudice but with leave to amend.

5          It is further ordered that, if Longstreet chooses to file a second amended complaint

6    curing the deficiencies in his Proposed FAC, as outlined in this order, Longstreet must file

7    the second amended complaint within 30 days from the date of entry of this order.

8          The Clerk of Court is directed to send Longstreet the approved form for filing a §

9    1983 complaint, instructions for the same, and a copy of his original Complaint and

10   Proposed FAC. (ECF Nos. 1-1, 4-1.) If Longstreet chooses to file a second amended

11   complaint, he should use the approved form and he will write the words "Second

12   Amended" above the words "Civil Rights Complaint" in the caption.

13         It is further ordered that, if Longstreet chooses to file a second amended complaint,

14   the Court will screen this amended complaint in a separate screening order. The

15   screening process will take several months.

16         It is further ordered that, if Longstreet chooses not to file a second amended

17   complaint curing the stated deficiencies, this action will be dismissed in its entirety without

18   prejudice.

19         The Clerk of Court is directed to file the Complaint (ECF No. 1-1).

20         DATED THIS 11th Day of July 2022.

21

22   _____

23   MIRANDA M. DU
     CHIEF UNITED STATES DISTRICT JUDGE

24

25

26

27

28