UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY O. LONGSTREET, SR., | Case No. 3:22-cv-00065-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| DAVID P. WELLS, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Anthony O. Longstreet, Sr., who was incarcerated in the custody of the Nevada Department of Corrections, brings this action against Defendants David P. Wells, Hayden Solis, P. Salinas, P. Aguilar, and Detective Knickerbocker under 42 U.S.C. § 1983. On July 11, 2022, this Court ordered Longstreet to file a second amended complaint by August 10, 2022. (ECF No. 7.) The Court warned Longstreet that the action could be dismissed if he failed to file a second amended complaint by the deadline. (*Id.* at 12.) That deadline has expired and Longstreet did not file a second amended complaint, move for an extension, or otherwise respond.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's

interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Longstreet's claims. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

Because this action cannot realistically proceed until and unless Longstreet files a second amended complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not

indicate that this case will be an exception. Although the address on record suggests that Longstreet may have difficulties receiving mail, it is nonetheless Longstreet's responsibility to update his address and contact information so he can be notified of updates in his case. *See* LR IA 3-1 (requiring *pro se* litigants to keep the Court apprised of their address, or face dismissal). Longstreet has not updated his address since May 2022 or otherwise indicated to the Court that he needs additional time. (ECF No. 6.) Moreover, dismissal is without prejudice so Longstreet may refile his lawsuit. Given these circumstances, setting another deadline is not a meaningful alternative. Thus, the fifth factor also favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

It is therefore ordered that this action is dismissed without prejudice based on Longstreet's failure to file a second amended complaint in compliance with this Court's July 11, 2022, order.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Longstreet wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 12th Day of August 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE